## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| DALE ALLEN LINDSEY, | Case No. 23-CV-3299 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| DEPARTMENT OF HUMAN SERVICES, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Dale Allen Lindsey's Application to Proceed in District Court without Prepaying Fees (Dkt. No. 51), along with two motions, also from Mr. Lindsey, purportedly seeking permission to subpoena witnesses to testify (Dkt. No. 52) and "to conduct notice of taking deposition duces tecum" (Dkt. No. 53). Mr. Lindsey's Application to Proceed in District Court without Prepaying Fees (Dkt. No. 51) is denied as moot, because the Court has already granted such a motion in this case.[1] (*See* Order, Dkt. No. 5.) That determination is valid for the pendency of the case and need not be renewed.

---

[1] The case number listed on that Application is 25-cv-1299 (KMM/DJF). Mr. Lindsey is not a party to that case, so the Clerk of Court filed it in this case, assuming that Mr. Lindsey incorrectly listed the case number. The determination in this Order applies only to this case.

The Court liberally construes Mr. Lindsey's filings at Docket Numbers 52 and 53 as motions, even though they more closely resemble discovery requests.[2] Because each of Mr. Lindsey's "motions" are procedurally improper and do not provide the Court with the specificity required to provide Mr. Lindsey with any appropriate relief, they each are denied.

Federal Rule of Civil Procedure 7(b)(1) requires a request for a court order be made via motion, which must "state with particularity the grounds for seeking the order" and the relief sought. Courts in this District have held that a motion fails to meet the Rule 7(b)(1) standard when a party "file[s] a short motion without a supporting memorandum of law" that is "devoid of specificity [or] cit[ation to] any authority in support of that proposition." *Goad v. Barnhart*, No. 00-CV-1899 (JRT/ESS), 2004 WL 234410, at *2 (D. Minn. Feb. 4, 2004) (citing *Montgomery v. Barnhart*, 2002 WL 1752206 (D.Minn. July 26, 2002)). This description is apt here.

Mr. Lindsey's first motion "ask[s] the Courts to send him a 'Subpoena Form' to fill out for" each of a list of seven witnesses and requests that the witnesses "testify in court" and that the "court costs of the expenses of the witnesses be associated with … his '*in*

---

[2] To the extent that Mr. Lindsey's filings at Docket Numbers 52 and 53 are discovery requests and not motions, the Federal Rules of Civil Procedure are clear that "discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing." Fed. R. Civ. P. 5(d)(1)(A). Neither of these conditions has occurred. Accordingly, even if the Court were to construe the filings as discovery requests, they would be improper, and the Court would strike them, so Mr. Lindsey faces no prejudice from this interpretation.

*forma pauperis*' already in place in this case."[3] (Motion, Dkt. No. 52.) The Court can simply not decipher what it is that Mr. Lindsey is requesting, and he has filed no accompanying memorandum of law to assist it in doing so. Mr. Lindsey's second motion fares no better. It "ask[s] the courts for permission to conduct his on [*sic*] notice of taking his on [*sic*] Deposition Duces Tecum of all Defendants…" along with repeating his request that the costs of any ordered deposition be "cover[ed]" by his existing *in forma pauperis* status. (Motion, Dkt. No. 52.) Beyond the fact that it requests access to certain documents, this request is simply unintelligible. The Court also finds that none of the motions comply with D. Minn. Local Rule 7.1, which governs motions filed in civil cases in this District. None are accompanied by a Meet and Confer Statement, as required by Local Rule 7.1(a), or any of the other supporting documents required by Local Rule 7.1(b) or (c). To the extent they are motions, these filings do not comply with Federal Rule of Civil Procedure 7(b)(1) and Local Rule 7.1 and are denied without prejudice.

The Court advises Mr. Lindsey that, although he is proceeding without counsel in this case, he is required to follow the same rules as are imposed on parties who come to court represented by counsel. Failure to abide by those rules, including the Federal Rules of Civil Procedure and the District of Minnesota's Local Rules,[4] by filing frivolous or unauthorized motions can result in sanctions, including but not limited to dismissal of

---

[3] A subpoena form is available from the Clerk's office, simply by requesting it from the Clerk's Office. That form is also available at https://www.mnd.uscourts.gov/sites/mnd/files/forms/AO_088A.pdf.

[4] These rules and other resources can be found on the District's website at https://www.mnd.uscourts.gov/rules-and-resources.

3

claims, the award of attorneys' fees and costs incurred responding to improperly filed motions, and contempt proceedings. The Court also reminds Mr. Lindsey that his *in forma pauperis* status entitled him to commence this lawsuit without prepayment of filing fees. 28 U.S.C. § 1915(a)(1). It does not entitle him to avoid all costs of litigating his claim.[5]

## **ORDER**

Accordingly, based on the foregoing and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Mr. Lindsey's Application to Proceed in District Court without Prepaying Fees (Dkt. No. 51) is DENIED as moot; and

2. Mr. Lindsey's motions (Dkt. Nos. 52–53) are DENIED without prejudice.

Date: August 11, 2025

s/ *John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

---

[5] *See* Pro Se Civil Guidebook, United States District Court, District of Minnesota at pp. 5, 48, 50, https://www.mnd.uscourts.gov/sites/mnd/files/Pro-Se-Civil-Guidebook.pdf.