UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DALE ALLEN LINDSEY, | Case No. 23-CV-3299 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| DEPARTMENT OF HUMAN SERVICES, et al., | |
| Defendants. | |

This matter is before the Court on Defendants' Motion for Extension of Medical Examination Deadline (Dkt. No. 67) and multiple motions from Plaintiff Dale Allen Lindsey, including 1) a Motion for Settlement Conference (Dkt. No. 65); 2) a Motion to Appoint Counsel (Dkt. No. 75); and 3) filings listed as "Motions" on the Docket but which the Court interprets as vehicles for Mr. Lindsey's objections to Defendants' Motion (Dkt. Nos. 64, 74, 80). (Mr. Lindsey agreed on the record with the Court's characterization of Dkt. Nos. 64, 74, and 80.) The Court held a hearing on these Motions via video conference on September 17, 2025. Mr. Lindsey represented himself and Assistant Attorneys General Joao C.J.G. De Medeiros and Erika Young represented the Defendants.

The Court heard substantive argument on Defendants' Motion for an Order that Mr. Lindsey undergo an Independent Medical Examination with Dr. Randal Wojciehoski, pursuant to Rule 35 of the Federal Rules of Civil Procedure. Mr. Lindsey objected to Defendants' choice of examiner and, at times during oral argument, Defendants' assertion

1

that they were entitled to a Rule 35 Medical Examination at all. In the Pretrial Scheduling Order filed on November 21, 2024, the Court allowed two physical examinations. (Scheduling Order 1, Dkt. No. 48.) Those examinations are due to be completed by September 22, 2025. (*Id.*)

In a case in which a party's "mental or physical condition…is in controversy," the Court may order a physical or mental examination by an independent examiner. Fed. R. Civ. P. 35(a)(1). The Court may order a physical examination "only on motion for good cause" and with notice to the parties and the examinee. Fed. R. Civ. P. 35(a)(2)(A). The Supreme Court has held that the good cause requirement in Rule 35 "is not a mere formality but is a plainly expressed limitation on the use of that Rule." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). To succeed in a motion to compel a party to participate in a Rule 35 physical examination, a movant must "affirmative[ly] show[] … that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Id*.

This standard is met here. In his Complaint, Mr. Lindsey put his physical condition in controversy by alleging that one or more defendants wrongfully misdiagnosed a shoulder injury he sustained in Defendants' custody, deprived him of medical care, failed to approve certain medical procedures, and failed to follow certain medical standards of care. (*See generally* Compl. 4–7, Dkt. No. 1.) The propriety and adequacy of the care Mr. Lindsey received, both while in the DHS facility and at the local hospital emergency department, necessarily involve determinations about his physical condition, making an Independent Medical Examination appropriate under Rule 35. Mr. Lindsey also challenges Defendants'

choice of examiner, but the Court agrees with Defendants that Dr. Wojciehoski's experience in emergency medicine makes him an appropriate physician for the examination in a case in which Mr. Lindsey challenges decisions made by emergency medical personnel in an emergency room. If Mr. Lindsey disagrees with Dr. Wojciehoski's conclusions, he will have the opportunity to dispute those conclusions in future proceedings.

Defendants also seek a short extension to the deadline for the completion of the Medical Examination in this case, which the Court grants. Any delay in meeting the deadline was not due to lack of diligence by either party but to conflicts in the Court's schedule in accommodating the hearing on this motion. Accordingly, the deadline for the completion of the Independent Medical Examination ordered here is extended to September 29, 2025, per Defendants' request.

After hearing from Mr. Lindsey on each of his motions, the Court finds that those motions arise largely from misunderstandings of the Federal Rules of Civil Procedure and the Local Rules of this District. As the Court explained on the record, Mr. Lindsey will have the opportunity to participate in a Settlement Conference to try to find a mutually acceptable resolution to this dispute, but holding a settlement conference so early in discovery would be inefficient and unlikely to be helpful to the parties. Accordingly, the Court denies Mr. Lindsey's current Motion for Settlement Conference (Dkt. No. 65) without prejudice as untimely.

Mr. Lindsey also filed a "Motion for an Order Directing the Pro Se Project to Appoint an Attorney." (Dkt. No. 75.) The Court previously referred Mr. Lindsey to the Pro Se Project, a program of the Minnesota chapter of the Federal Bar Association that pairs

3

volunteer attorneys with *pro se* litigants in an effort to increase access to justice in this District. (*See* Letter Referring Litigant to FBA Pro Se Project, Dkt. No. 49.) The Court's understanding is that Mr. Lindsey was able to meet with a volunteer attorney from the Pro Se Project, who provided some guidance but ultimately was not able to represent him in this case. The Court, as always, is grateful for the work of the Pro Se Project and their network of volunteer attorneys. Unfortunately for Mr. Lindsey, that network did not include an attorney who could take on more extensive representation of Mr. Lindsey in this case. Because civil litigants do not have a right to legal counsel, the Court has done all it can to find Mr. Lindsey an attorney and denies his Motion to Appoint Counsel. (Dkt. No. 75.) If Mr. Lindsey can retain counsel through other means, that attorney is, of course, welcome to file an appearance, but for now, Mr. Lindsey will need to proceed without counsel.

The Court interprets Mr. Lindsey's remaining Motions (Dkt. Nos. 64, 74, 80) as memoranda in opposition to Defendants' Motion under Federal Rule of Civil Procedure 35. The Court carefully considered those filings, along with Mr. Lindsey's oral argument at the hearing, in deciding the Rule 35 motion. Having confirmed on the record at the hearing that Mr. Lindsey's intent in filing those documents was to brief the Court on the Rule 35 motion, the Court will mark those motions as withdrawn.

Mr. Lindsey also verbally complained during oral argument that it was difficult for him to prepare for this hearing because he has to deal with numerous attorneys from the Attorney General's Office on various matters and because it took nearly a month for Defendant's motion papers to be transported from St. Paul to St. Peter. The Court stated

4

on the record that Mr. Lindsey having to deal with numerous Assistant Attorneys General is in part a function of the number of cases that Mr. Lindsey files and then has to litigate. Mr. Lindsey of course has a right of access to the Courts to seek redress of wrongs he believes he has suffered, but that component of Mr. Lindsey's complaint bearing on the number of lawyers with whom he has to interact is within Mr. Lindsey's power to change, by varying the amount of litigation he initiates. As to the delay in receiving documents, the Court directs the Attorney General's Office to ascertain what happened. If the mail did indeed take nearly 30 days to reach Mr. Lindsey, then counsel for Defendant will file a short, written report with the Court with a copy to Mr. Lindsey, explaining what happened and explaining what measures will be taken to reduce the transit time in the future.

## ORDER

Accordingly, based on the foregoing and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Defendants' Motion for Extension of Time (Dkt. No. 67) is GRANTED;
   a. Dr. Randal Wojciehoski will conduct a Rule 35 medical examination of Mr. Lindsey on or before September 29, 2025;
2. Mr. Lindsey's Motion for Settlement Conference (Dkt. No. 65) is DENIED without prejudice;
3. Mr. Lindsey's Motion to Appoint Counsel (Dkt. No. 75) is DENIED;
4. Mr. Lindsey's filings listed as "Motions" on the Docket but which the Court interprets as memoranda (Dkt. Nos. 64, 74, 80) are considered WITHDRAWN; and

5. Defense counsel will investigate the transit time for mail between the Attorney General's Office and Mr. Lindsey and then report to the Court on what caused any substantial delay in Mr. Lindsey receiving case-related documents (or explaining that there was no delay). If counsel finds that there was a delay, counsel's report will also describe measures taken to reduce or eliminate this delay in the future.

Date: September 18, 2025

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge